# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR99-0073-LRR |
| vs. | |
| RICARDO WATKINS, | **ORDER** |
| Defendant. | |

This matter is before the court pursuant to its order dated December 2, 2011 (docket no. 361). In such order, the court addressed whether the defendant's sentence should be reduced. After outlining the applicable provisions, it stated:

> [T]he court is unable to rely on Amendment 750 (Parts A and C only) to reduce the defendant's sentence under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. *See generally United States v. Curry*, 584 F.3d 1102, 1104 (8th Cir. 2009) (discussing *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997)) (explaining requirements under USSG §1B1.10(b)). Based on a total adjusted offense level of 43 and a criminal history category of III, the court previously determined the defendant's guideline range to be life imprisonment. The court sentenced the defendant to life imprisonment on count 1 of the superseding indictment and 240 months imprisonment on count 3 of the superseding indictment. Here, a total adjusted offense level of 43 and a criminal history category of III results in a guideline range of life imprisonment.[1] Because the applicable guideline range is the same as the original guideline range, the defendant is not entitled to a reduction of his life sentence. *See* USSG §1B1.10(a)(2)(B) ("A reduction . . . is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."); USSG §1B1.10, comment. (n.1) (making clear that a reduction is not

authorized under 18 U.S.C. § 3582(c)(2) if an amendment in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range); *see also United States v. Roa-Medina*, 607 F.3d 255, 260-61 (1st Cir. 2010) (holding that a sentence reduction under 18 U.S.C. § 3582(c)(2) was not available because the amendment does not have the effect of lowering the defendant's applicable guideline range); *United States v. Spells*, 322 Fed. App'x 171, 173 (3d Cir. 2009) (rejecting the argument that a decrease in the base offense level gave the district court authority to reduce a sentence when there was no change in the applicable sentencing range); *United States v. Lindsey*, 556 F.3d 238, 242-46 (4th Cir. 2009) (concluding that the defendant could not rely on 18 U.S.C. § 3582(c)(2) because the amendment does not have the effect of lowering the applicable guideline range); *United States v. Caraballo*, 552 F.3d 6, 10-12 (1st Cir. 2008) (holding that a defendant must establish that an amended guideline has the effect of lowering the sentencing range actually used at his or her sentencing in order to engage the gears of 18 U.S.C. § 3582(c)(2)); *United States v. McFadden*, 523 F.3d 839, 840-41 (8th Cir. 2008) (concluding that, unless the applicable sentencing range changes, a reduction in the base offense level does not allow for a sentence reduction); *United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997) (finding that, although the amendment did lower the defendant's offense level, the district court did not err when it summarily denied the defendant's motion under 18 U.S.C. § 3582(c)(2) because the amended guideline range remained the same). Accordingly, the court concludes that a reduction under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10 is not warranted.

> [1] At the defendant's sentencing, the court applied USSG §2D1.1(c) to arrive at a base offense level of 38, added four levels under USSG §3B1.1(a), added two levels under USSG §3B1.4 and added two levels under USSG §3C1.1. Given a total offense level of 46, the court utilized USSG Ch. 5, Pt. A, comment. (n.2) to arrive at a total adjusted offense level of 43. The total adjusted offense level is once again 43 because the

2

> court held the defendant responsible for 3.5 kilograms of crack, which results in a base offense level of 36 under USSG §2D1.1(c). Prior to November 1, 2011, level 36 included at least 1.5 kilograms but less than 4.5 kilograms of crack. It now includes at least 2.8 kilograms but less than 8.4 kilograms of crack.

The court was mistakenly informed that it had attributed 3.5 kilograms of crack to the defendant. A review of the sentencing transcript indicates that the parties disputed drug quantity and the court found that the defendant distributed "at least 1.5 kilograms of crack", which resulted in a base offense level of 38 under USSG §2D1.1(c). The court did not hold him responsible for 3.5 kilograms of crack. As a result of Amendment 750 (Parts A and C only), 1.5 kilograms of crack now results in a base offense level of 34.[1] And, when the other adjustments are added, a total adjusted offense level of 42 applies to the defendant. Consequently, the defendant no longer faces a guideline range of life.

Having reviewed the defendant's file, the provisions and commentary of USSG §1B1.10, the factors set forth in 18 U.S.C. § 3553(a), the nature and seriousness of the danger to any person or community that may be posed by a reduction in the defendant's term of imprisonment and the defendant's post-sentencing conduct, the court deems it appropriate to exercise its discretion and grant the defendant the maximum reduction permitted under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10.[2] The defendant's previously imposed life term of imprisonment on count 1, as reflected in the judgment dated July 31,

---

[1] Under USSG §2D1.1(c), offense level 34 now includes at least 840 grams but less than 2.8 kilograms of crack.

[2] For purposes of the instant order, the court relied on the following determinations:

| Previous Offense Level: | 43 | Amended Offense Level: | 42 |
| Criminal History Category: | III | Criminal History Category: | III |
| Previous Guideline Range: | life | Amended Guideline Range: | 360 months to life |

The reduced sentence of 360 months imprisonment on count 1 of the superseding indictment is within the amended guideline range.

2006, is reduced to 360 months imprisonment. The defendant's new sentence of 360 months imprisonment applies to count 1 of the superseding indictment. Except as provided above, all provisions of the judgment dated July 31, 2006 remain in effect. The duration and conditions of the defendant's supervised release remain unchanged.

The clerk's office is directed to send and fax a copy of this order to the Bureau of Prisons, that is, the place where the defendant, USM No. 17709-424, is currently incarcerated. The clerk's office is also directed to send a copy of this order to the office of the Federal Public Defender and the office of the United States Probation.

**IT IS SO ORDERED**.

**DATED** this 10th day of September, 2012.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA